Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
Alexander F. MacKinnon (S.B.N. 146883)
alexander.mackinnon@kirkland.com
Erin C. Kolter (S.B.N. 261452)
erin.kolter@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiffs

Glenn W. Trost (State Bar No. 116,203)
Glenn.Trost@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE & QUIGG LLP
333 S. Grand Ave., Suite 2300
Los Angeles, California 90071
Tel: (213) 787-2500
Fax: (213) 687-0498

Robert S. Frank, Jr. (*pro hac vice*)
rfrank@choate.com
G. Mark Edgarton (*pro hac vice*)
medgarton@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Attorneys for Insulet Corporation

FILED
CLERK, U.S. DISTRICT COURT
APR 23 2013
CENTRAL DISTRICT OF CALIFORNIA
BY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC MINIMED INC., et al., | Case No. CV12-08048-PA (CWx) |
| Plaintiffs, | The Honorable Percy Anderson |
| v. | [~~PROPOSED~~] PROTECTIVE ORDER |
| INSULET CORPORATION, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

Based on the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. This case concerns patents directed to a particular type of infusion device. Documents and things have been requested in discovery that could reveal highly sensitive and confidential information that is protected from disclosure to the public and whose disclosure would damage the party providing the information. The parties believe that this confidential information includes sensitive sales and other financial information, sensitive market studies and strategy information, sensitive information regarding the design, structure, function and method of operation of the parties' products and other sensitive proprietary information. The interest of the party producing such information in restricting the disclosure and use of its confidential information described above far outweighs the interest of the public in having access to such information. Good cause accordingly exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect against improper disclosure or use of confidential information produced or disclosed in this case.

2. **Designation of Protected Litigation Material**:

   a. Any party or third-party to this action who produces or discloses confidential or proprietary information in this action ("Producing Party") to another party to this action ("Receiving Party") shall have the right to designate as "CONFIDENTIAL" and subject to this Order any information, document, or thing, or portion of any document or thing that: (a) contains competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) contains private or confidential personal information; (c) contains information received in confidence from third parties; or (d) the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

     b.    Any Producing Party shall have the right to designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and subject to this Order any information, document, or thing, or portion of any document or thing that contains trade secrets or highly sensitive business, personal or technical information, including but not limited to patent prosecution sensitive materials, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.

     c.    To the extent that it becomes necessary in this litigation for a Producing Party to produce source code, a Producing Party shall have the right to designate as "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" and subject to this Order any information, document, or thing, or portion of any document or thing that constitutes, contains, embodies or otherwise reflects the Producing Party's computer source code and/or associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs.

3.    <u>Labeling of Protected Litigation Material</u>:

     a.    Any Producing Party who produces or discloses any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" material (collectively "Protected Litigation Material"), including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the designation, where practical, by marking each page of a document, each separate part or component of a thing or each separate item of other information, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE," as appropriate. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. If confidential information exists that cannot be conveniently designated

3

PROTECTIVE ORDER

pursuant to this Order, such information shall be designated by the Producing Party by informing the Receiving Party of the designation in writing. This designation is sufficient to entitle said information to the same confidential treatment as if the information was designated as above.

  b. Any party may designate any or all portions of depositions taken pursuant to this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE" either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within thirty (30) calendar days of receiving the final transcript of the deposition. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as if designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," for a period of thirty (30) calendar days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4(b).

  c. Notwithstanding the obligations to timely designate Protected Litigation Material, the inadvertent or unintentional failure to designate specific produced material as Protected Litigation Material shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon notice to the Receiving Party of such failure to designate, all parties shall cooperate to restore the appropriate level of confidentiality to the inadvertently or unintentionally disclosed Protected Litigation Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Protected Litigation Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designations. Upon receipt of such substitute copies, the Receiving Party shall certify the destruction of the undesignated or improperly designated Protected Litigation Material.

4. <u>Disclosure and Use of Protected Litigation Material</u>:

   a. Protected Litigation Material designated as CONFIDENTIAL may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

   (i) outside counsel of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators, jury consultants and others performing services in conjunction with this litigation;

   (ii) Andy Horstman, Vice President and Senior Legal Counsel, Intellectual Property Litigation, for Medtronic, Eric Geismar, Vice President and Chief Counsel for Medtronic Diabetes, Ajit Narang, Senior Legal Counsel for Medtronic Diabetes, and Anthony Diehl, General Counsel for Insulet Corporation;

   (iii) outside experts and consultants, including jury consultants, and their staff retained to assist the parties in the conduct of this action and who have each executed and provided to counsel for the opposing party an executed Confidentiality Declaration in the form attached hereto as Exhibit A and submitted the additional information required by Paragraph 6;

   (iv) the creator(s), author(s), or prior recipient(s) of a document containing information designated as CONFIDENTIAL, provided it is established in the document or by agreement of the parties that the person is an author or prior recipient of the document. The information designated CONFIDENTIAL that is disclosed, given, shown, made available, or communicated to persons pursuant to this subparagraph is limited to the CONFIDENTIAL information that is contained in the document in which that person has been identified as an author or prior recipient;

  (v) the Court, Court personnel, and Official Court reporters to the extent that CONFIDENTIAL information is disclosed at a deposition or court session which such reporter is transcribing; and

  (vi) Any other person with the prior written consent of the Producing Party.

 b. Protected Litigation Material designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following qualified persons:

  (i) outside counsel of record and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators, jury consultants and others performing services in conjunction with this litigation;

  (ii) outside experts and consultants, including jury consultants, and their staff retained to assist the parties in the conduct of this action and who have each executed and provided to counsel for the opposing party an executed Confidentiality Declaration in the form attached hereto as Exhibit A and submitted the additional information required by Paragraph 6;

  (iii) the creator(s), author(s), or prior recipient(s) of a document containing information designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, provided it is established in the document or by agreement of the parties that the person is an author or prior recipient of the document. The information designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY that is disclosed, given, shown, made available, or communicated to persons pursuant to this subparagraph is limited to the HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material that is contained in the document in which that person has been identified as an author or prior recipient;

    (iv)    the Court, Court personnel, and Official Court reporters to the extent that HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY material is disclosed at a deposition or court session which such reporter is transcribing; and

    (v)    Any other person with the prior written consent of the Producing Party.

    c.    To the extent production of RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE becomes necessary in this litigation, it may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information may be disclosed. In addition, the following restrictions shall apply:

    (i)    any RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the office of the Producing Party's lead counsel, namely Choate, Hall & Stewart LLP and Kirkland & Ellis LLP. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

    (ii)    the Receiving Party may request paper copies of limited portions of RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth herein in the first instance. The Producing Party shall provide all such source code in

7

PROTECTIVE ORDER

paper form, including Bates numbers and the label RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE. The Producing Party may challenge the amount of source code requested in hard copy form, in which case the parties shall work cooperatively in an attempt to resolve any such disputes.

   (iii) the Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

  d. The parties do not anticipate that this case will require the production or disclosure of Protected Health Information, as defined in the Health Insurance Portability and Accountability Act ("HIPAA"). Protected Health Information is "any information, whether oral or recorded in any form or medium" that is "created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse," and "[r]elates to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." 45 C.F.R. 160.103. If Protected Heath Information is produced or otherwise disclosed, pursuant to this Order, all parties are:

     (i)    Prohibited from using or disclosing Protected Health Information for any purpose other than the litigation or proceeding for which such information was requested, as required by section 164.512(e)(1)(v)(A) of HIPAA; and

     (ii)    Required to return to the Producing Party or destroy the Protected Health Information (including all copies made) at the end of the litigation or proceeding, as required by section 164.512(e)(1)(v)(B) of HIPAA.

    e.    This Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of its own Protected Litigation Material.

    f.    This Order shall not restrict any attorney who is a qualified recipient under the terms set forth herein from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Protected Litigation Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Litigation Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

    5.    <u>Notice and Acknowledgement of Order</u>:

    a.    Every person to whom Protected Litigation Material is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

    b.    The outside experts/consultants who are qualified recipients under the terms of Paragraph 3(a)(3) and Paragraph 3(b)(2), to whom disclosure of Protected Litigation Material is intended, shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

    6.    <u>Notification of Intent to Disclose and Objections</u>:

    a.    Before a party may disclose another party's Protected Litigation Material to the outside experts/consultants who are qualified recipients under the terms of Paragraph 3(a)(3) and Paragraph 3(b)(2), that party shall, at least ten (10) calendar days prior to such disclosure, notify the Producing Party in writing of its intent to disclose Protected Litigation Material. Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 4(b) of this Order and a curriculum vitae which includes a list of the person's publications.

    b.    If a Producing Party receives a notification of intent to disclose Protected Litigation Material pursuant to paragraph 6(a) and believes in good faith that such disclosure would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall include the basis for the objection and shall be delivered within ten (10) calendar days of receipt of the notification of intent to disclose to which objection is made. The parties shall attempt in good faith to resolve the disclosure dispute and no such disclosure of Protected Litigation Material shall be made to that person without prior approval of the Court or the objecting party or waiver of the objection as set forth below. Any objection shall be in writing and state with particularity the basis for the objection. The objecting party shall have the ultimate burden of showing why that person should not have access to Protected Litigation Material and shall have the initial burden of moving the Court (within ten (10) calendar days of serving its written objections on the opposing party by facsimile or email) to preclude disclosure of Protected Litigation Material to such person. If no application is made to the Court within this ten (10) calendar day period, the objection is waived. Pending

1 resolution of any such motion, no disclosure of Protected Litigation Material shall
2 be made to that person.
3      7.    <u>Examination of Witnesses</u>:
4      a.    Any current employee or expert witness of a party may be examined
5 at trial or upon deposition concerning any Protected Litigation Material of such
6 party.
7      b.    Any other person may be examined as a witness at trial or upon
8 deposition concerning any Protected Litigation Material which appears on its face
9 or from other documents or testimony to have been generated or received by that
10 witness or communicated to that witness. Such witness may also be shown such
11 Protected Litigation Material during examination or preparation therefor.
12      8.    <u>Inadvertent Production of Privileged Information</u>:
13      a.    If information subject to a claim of attorney-client privilege, attorney
14 work product immunity or any other legal privilege protecting information from
15 discovery is inadvertently produced, such production shall in no way prejudice or
16 otherwise constitute a waiver of or estoppel as to any claim of privilege, work
17 product immunity or other ground for withholding production to which the
18 Producing Party or other person otherwise would be entitled, provided that the
19 Producing Party promptly notifies the Receiving Party in writing of such
20 inadvertent production after the Producing Party discovers such inadvertent
21 production.
22      b.    If a written claim of inadvertent production is made pursuant to
23 paragraph 8(a), with respect to information then in the custody of another party,
24 upon receipt of such written notice, such party promptly shall return to the
25 claiming party or person that material and all copies or reproductions thereof of
26 which the Receiving Party is aware in whatever form these materials exist, subject
27 to the following exceptions: (i) the Receiving Party shall be under no obligation
28 to destroy or return any document that was previously used as an exhibit in a

deposition or at trial or other court proceeding without objection by the Producing Party as to the applicable privilege or immunity of such document, and (ii) the Receiving Party may retain one copy of any document claimed to be subject to the applicable privilege or immunity for use in connection with a motion to the Court to challenge the assertion of privilege or inadvertent disclosure of such document, but may not submit it for in camera review except at the Court's request. Such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

      c.     The Receiving Party must give the Producing Party written notice that it objects to the assertion of privilege or inadvertent disclosure within ten (10) calendar days of receiving notice of the written claim of inadvertent production from the Producing Party. If the motion referred to in paragraph 8(b)(ii) is not served or filed within ten (10) calendar days after the Receiving Party has given the Producing Party written notice that it objects to the assertion of privilege or inadvertent disclosure, then the Receiving Party waives its right to make such motion, and the document must be destroyed or returned. Notwithstanding the exceptions set forth in paragraph 8(b)(i) and (ii), the Receiving Party shall certify to the Producing Party that the document claimed to be subject to the applicable privilege or immunity has been destroyed or returned. Such return shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to the claimed privileges or immunity.

      9.     <u>Obligations of Outside Counsel</u>: It shall be the responsibility of outside counsel, the outside law firms who are counsel of record for the respective parties herein, to ensure strict compliance with the provisions of this Protective Order in their dealings with Protected Litigation Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Protected Litigation Material as provided herein. All persons

responsible for determining that materials contain Protected Litigation Material shall be familiar with this Protective Order and the scope of its protection. All Protected Litigation Material including any and all copies thereof shall be kept by outside counsel in a way so as to maintain confidentiality, and all CONFIDENTIAL material including any and all copies thereof shall be kept by in-house counsel only at the legal department of the Receiving Party in an area separate from and inaccessible to any person not authorized access to such CONFIDENTIAL material under the terms of this Protective Order.

    10. <u>Pleadings</u>: All papers, documents and transcripts containing or revealing the substance of Protected Litigation Material shall be filed under seal pursuant to applicable Local Rules.

    11. <u>Conclusion of the Action</u>: Within sixty (60) calendar days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's Protected Litigation Material shall destroy such Protected Litigation Material. Each party shall give written notice of such destruction to outside counsel for the Producing Party. However, trial counsel may retain one copy of all pleadings or other papers filed with the Court for archival purposes. Further, trial counsel may maintain one copy of all attorney correspondence and consultant work product, deposition testimony and deposition exhibits containing Protected Litigation Material, and the trial record, in such a way as to maintain confidentiality.

    12. <u>Contested Designations</u>: A party shall not be obligated to challenge the propriety of designating any Protected Litigation Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Protected Litigation

Material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party, within thirty (30) calendar days after making its objection, may seek appropriate relief from the Court, and the party seeking to challenge the designation shall have the burden of proving that the designated information is not designated appropriately as Protected Litigation Material. If the objecting party fails to move for relief within the time period specified in this paragraph, that party waives its right to assert that the designated material does not constitute or contain Protected Litigation Material within the scope of this Protective Order.

13. Although Protected Litigation Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Protected Litigation Material protected hereunder if it is demonstrated that such information either:

    a.    is in the public domain at the time of disclosure;

    b.    becomes part of the public domain other than as a result of disclosure by the Receiving Party; or

    c.    is information the Requesting Party can show was or is in its legitimate possession independently of the Producing Party.

14. Protected Litigation Material obtained from a Producing Party under the terms of this Order may be used and disclosed only for purposes of this case and any appeal of this case. No party or person shall make any other use of any such Protected Litigation Material, including but not limited to, use for commercialization or competitive purposes or use in any other legal or administrative proceeding, except as permitted by order of the Court.

15. <u>Non-waiver</u>: The production of Protected Litigation Material by a party under the terms of this Order and in response to a request by the opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy, or admissibility of said

materials. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

16. **Additional Parties**: If an additional party joins or is joined in this action, the newly joined party shall not have access to Protected Litigation Material until all parties enter into a Supplemental Protective Order governing the protection of such information.

17. **Third Parties**: If a third party provides discovery to any party in the above-captioned case, such third party may adopt the terms of this Protective Order with regard to the production of Protected Litigation Material by executing and serving upon all counsel of record for the parties in the above-captioned case a Notice of Election to Adopt Stipulated Protective Order ("Notice of Election") in the form attached hereto as Exhibit B. In the event of such election, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party to this litigation. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this litigation.

18. **Attendance At Proceedings**: This Protective Order applies to the pre-trial phase of this action and any hearings or preliminary injunction proceedings held before a final trial on the merits. If a deposition concerns Protected Litigation Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized to have access to such material. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Protected Litigation Material at trial, and shall submit such agreement or proposals to the Court for consideration.

19. **Unauthorized Disclosure**: In the event of disclosure of any Protected Litigation Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such

PROTECTIVE ORDER

disclosure shall (i) use its best efforts to obtain the return of any such Protected Litigation Material and to bind such persons to the terms of this Protective Order; (ii) within two (2) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person to the Producing Party; and (iii) request such person to execute the Confidentiality Declaration in the form attached hereto as Exhibit A. The executed Confidentiality Declaration shall be served upon counsel of record for the producing party within five (5) business days of its execution by the party to whom Protected Litigation Material was disclosed.

20. <u>Termination Of Access</u>:

a. In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Protected Litigation Material shall terminate, and all copies thereof shall be destroyed in accordance with the terms of Paragraph 11 hereof, except that such destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

b. The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Litigation Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

21. <u>Modification</u>: This Protective Order may be modified by written stipulation of the parties without further order of the Court, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

16

IT IS SO ORDERED.
DATED: 4/23/13

UNITED STATES DISTRICT JUDGE

1  Dated: _____    _____

PROTECTIVE ORDER

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC MINIMED INC.; MEDTRONIC PUERTO RICO OPERATIONS CO.; and MINIMED DISTRIBUTION CORP.<br><br>Plaintiffs,<br><br>v.<br><br>INSULET CORPORATION,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.  CV 12-08048 PA(CWx)<br><br>**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

## DECLARATION AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ , declare that:

1. I have read the foregoing Protective Order entered as an Order of the United States District Court for the Central District of California, in the above-captioned action.

2. My present employer is _____ and the address of my present employer is _____ . My present occupation or job description is _____ .

3. I understand and agree to be bound by the terms of this Protective Order.

4. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action, any Protected Litigation Material disclosed to me.

5. I will return all Protected Litigation Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or that have been retained by said party, when requested to do so by that counsel.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

discovery were being provided by a party. _____ shall have the same rights and obligations under the Protective Order as held by the parties.

Dated: _____

_____
Name

_____
Title